**Motion Denied; Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 29, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00664-CV

_____

**IN RE ILLINOIS NATIONAL INSURANCE COMPANY, ALLIED WORLD NATIONAL ASSURANCE COMPANY, RSUI INDEMNITY COMPANY, ASPEN AMERICAN INSURANCE COMPANY, ENDURANCE AMERICAN INSURANCE COMPANY, FEDERAL INSURANCE COMPANY AND WESTCHESTER FIRE INSURANCE COMPANY, NAVIGATORS INSURANCE COMPANY, SWISS RE CORPORATE SOLUTIONS AMERICAN INSURANCE COMPANY, FORMERLY NORTH AMERICAN SPECIALTY INSURANCE COMPANY, FREEDOM SPECIALTY INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, AND ALTERRA AMERICA INSURANCE COMPANY (N/K/A PINNACLE NATIONAL INSURANCE COMPANY), Relators[1]**

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
125th District Court
Harris County, Texas
Trial Court Cause No. 2016-31648**

## MEMORANDUM OPINION

On September 15, 2022, relators Illinois National Insurance Company, Allied World National Assurance Company, RSUI Indemnity Company, Aspen

_____

[1] The petition names the above-listed parties as participating relators in this proceeding.

American Insurance Company, Endurance American Insurance Company, Federal Insurance Company and Westchester Fire Insurance Company, Navigators Insurance Company, Swiss Re Corporate Solutions American Insurance Company, formerly North American Specialty Insurance Company, Freedom Specialty Insurance Company, Starr Indemnity & Liability Company, and Alterra America Insurance Company (n/k/a Pinncacly National Insurance Company) filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, to vacate the following: (1) the trial court's September 1, 2022 order denying relators' traditional motion for summary judgment that real party in interest GAMCO does not have standing and, in the alternative, plea to the jurisdiction; and (2) the trial court's order denying the "No Loss" motions.

We disregard the appearance of nonresident lawyers for relators and the real parties in interest who have not filed motions to participate as required by Texas Rule Governing Admission to the Bar 19.

Relators have not established that they are entitled to mandamus relief. Accordingly, we deny relators' petition for writ of mandamus. Relators' emergency motion for temporary relief to stay trial proceedings is denied.


PER CURIAM

Panel consists of Chief Justice Christopher and Justices Spain and Poissant.